IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

---------------------------------------------------X
HEIDI RAMSEY, on behalf of herself and  :
all others similarly situated,          :
                                        :
                                        :  No. 5:23-cv-00086
     Plaintiff,                         :
                                        :  **COLLECTIVE ACTION COMPLAINT**
                                        :  **JURY TRIAL DEMANDED**
v.                                      :
                                        :
FIRSTENERGY CORPORATION,                :
                                        :
     Defendant.                         :
---------------------------------------------------X

Plaintiff Heidi Ramsey, individually and on behalf of all others similarly situated, by the undersigned attorneys, alleges the following claims against Defendant FirstEnergy Corporation ("FirstEnergy"):

## NATURE OF THE ACTION

1. Plaintiff brings this action under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA") on behalf herself and all current and former Intake Agents, Call Center Representatives, and Customer Service Representatives, however variously titled (hereinafter, regardless of precise title, referred to as "CSRs") who work and/or worked for FirstEnergy anywhere in the United States from January 13, 2020 to the date of judgment in this Action (the "Collective" or "Collective Action Members").

2. FirstEnergy violated the FLSA by failing to pay Plaintiff and the Collective Action Members for all hours worked including all overtime hours worked and overtime pay.  Plaintiff and the Collective Action Members are entitled to unpaid wages and unpaid overtime compensation from FirstEnergy for all hours worked by them in excess of forty (40) hours in a workweek, and they are also entitled to liquidated damages pursuant to the FLSA.

1

3. FirstEnergy is a regional electric services and systems provider that boasts to serve 6 million customers in the Midwest and Mid-Atlantic regions.

4. FirstEnergy employs CSRs at call center locations across its operational regions and uniformly classifies them as non-exempt from the FLSA's overtime compensation requirements. FirstEnergy likewise employees CSRs who work remotely and FirstEnergy also classifies such CSRs are non-exempt from the FLSA's overtime compensation requirements. Stated otherwise, CSRs are eligible for overtime pay for all hours worked over 40 in a workweek.

5. CSRs are responsible for customer service, resolving issues, and handling inquiries.

6. CSRs prepare for, receive, and respond to incoming calls; perform customer service; review and respond to e-mails; and listen and respond to messages.

7. Pursuant to a uniform, companywide policy and practice, FirstEnergy failed to accurately track or record the actual hours worked by its CSRs. FirstEnergy furthered this wrongful policy by: (i) failing to provide CSRs with a way to accurately record all of the time they actually worked and (ii) permitting CSRs to work before they "clock in" to FirstEnergy's timekeeping system without compensation.

8. Specifically, FirstEnergy's timekeeping system and practices cause CSRs to work "off-the-clock" without pay. FirstEnergy does not track CSRs' time until they clock in. However, it takes approximately 7 to 10 minutes each shift (longer when CSRs experience any computer issues) for CSRs to start their computers and load applications, which are necessary to perform their principal duties, before they are permitted to clock into FirstEnergy's timekeeping system and start being paid.

9. FirstEnergy fails to pay CSRs for this "boot up" time as required by the FLSA. *See* United States Department of Labor Fact Sheet # 64.

10. FirstEnergy's systematic failure and refusal to pay Plaintiff and all other similarly situated CSRs for all hours worked and all hours worked over 40 in a workweek violates the FLSA.

11. FirstEnergy also requires that Plaintiff and the Collective members undergo an extensive new hire training program before they become CSRs. During this multi-week program, FirstEnergy requires that CSRs study training materials to pass tests but does not pay Plaintiff, Collective members. CSRs are also not paid for the "boot up" time to access training systems and programs.

12. Plaintiff alleges on behalf of herself and all similarly situated current and former CSRs, however variously titled, employed by FirstEnergy in the United States during the applicable statute of limitations period and who elect to opt in to this action pursuant to the FLSA, that they are entitled to: (i) unpaid wages for unpaid hours worked and unpaid overtime wages for unpaid hours worked in excess of 40 in a workweek during the training period and after the training period as CSRs; (ii) liquidated damages; and (iii) reasonable attorneys' fees and costs, pursuant to the FLSA.

## THE PARTIES

### *Plaintiff*

13. Plaintiff Heidi Ramsey ("Ramsey"), a resident of Akron, Ohio, was employed by FirstEnergy in Fairlawn, Ohio.

14. Plaintiff Ramsey worked for FirstEnergy as a CSR from approximately April 2021 to June 2021.

15. Pursuant to FirstEnergy's policy, pattern or practice, Plaintiff regularly performed work as CSRs for FirstEnergy's benefit without receiving all legally mandated compensation. Specifically, FirstEnergy did not pay Plaintiff compensation, including overtime compensation, for all hours she worked during training and thereafter as a CSR, including overtime hours in

excess of 40 hours in a workweek, in violation of the FLSA.

16. Plaintiff's written Consent to Join this action is attached as **Exhibit A**.

*Defendant*

17. FirstEnergy is a Ohio corporation with its principal place of business located in Akron, Ohio.

18. FirstEnergy employed Plaintiff and other similarly situated current and former CSRs and, at all material times, directly and/or indirectly, jointly or severally, controlled and directed Plaintiff's and the Collective Action Members' terms of employment and compensation.

19. FirstEnergy had the power to control the terms and conditions of employment of Plaintiff and other similarly situated current and former CSRs, including, without limitation, those terms and conditions relating to the claims alleged herein.

## JURISDICTION AND VENUE

20. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, 1337 and 1367.

21. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA, 29 U.S.C. § 201 *et seq.*, pursuant to 29 U.S.C. § 216(b).

22. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. § 216(b).

23. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

24. FirstEnergy is a covered employer within the meaning of the FLSA, and has had gross revenues exceeding $500,000.00 for all relevant time periods.

## COLLECTIVE ACTION ALLEGATIONS

25. Plaintiff brings FLSA overtime claims on behalf of herself and all similarly situated

persons who work or have worked for FirstEnergy as CSRs from January 13, 2020 to the date of judgment in this Action who elect to opt in to this Action.

26. FirstEnergy is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and the Collective Action Members for all hours and all overtime hours worked. There are many similarly situated current and former CSRs who have been underpaid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated CSRs are known to FirstEnergy, are readily identifiable, and can be located through FirstEnergy's records. Notice should be sent to the Collective Action Members pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

27. Plaintiff and the Collective Action Members worked for FirstEnergy as CSRs and regularly worked more than 40 hours a week during their training period and after their training period as CSRs.

28. During new hire training, FirstEnergy requires that the Plaintiff and the Collective Action Members study training materials to learn FirstEnergy policies and processes and to pass tests in order to become CSRs. However, FirstEnergy does not pay Plaintiff and the Collective Action Members for this time studying outside of the classroom.

29. Following training, FirstEnergy also failed to pay Plaintiff and the Collective Action Members all compensation due and owing to them for all hours worked, including all overtime compensation due for the hours they worked in excess of 40 in a workweek. Plaintiff and the Collective Action Members perform and/or performed work without compensation both before they clock in and before FirstEnergy starts paying them. Such off-the-clock work includes booting up their computers and loading computer applications necessary to perform their principal duties as CSRs.

30. FirstEnergy failed to keep accurate records of all of the hours worked by Plaintiff and the Collective Action Members.

31. Throughout the relevant period, it has been FirstEnergy's policy, pattern or practice to require, suffer, or permit Plaintiff and the Collective Action Members to work in excess of 40 hours per week without paying them premium overtime compensation.

32. FirstEnergy assigned all of the work that Plaintiff and the Collective Action Members performed and/or FirstEnergy was aware of the work that they performed.

33. Plaintiff and the Collective Action Members performed the same or similar primary job duties, which are non-exempt.

34. FirstEnergy has intentionally, willfully, and regularly engaged in a company-wide policy, pattern, or practice of violating the FLSA, and applicable state law, with respect to Plaintiff and the Collective Action Members, which policy, pattern or practice was authorized, established, promulgated, and/or ratified by FirstEnergy. This policy, pattern or practice includes but is not limited to:

> (a) willfully failing to record all of the time that Plaintiff and the Collective Action Members have worked for the benefit of FirstEnergy;
>
> (b) willfully failing to keep accurate payroll records as required by the FLSA;
>
> (c) willfully failing to credit Plaintiff and the Collective Action Members for all hours worked and all overtime hours worked, consistent with the requirements of the FLSA; and
>
> (d) willfully failing to pay Plaintiff and the Collective Action Members compensation and overtime compensation for hours that they worked in excess of 40 hours per workweek.

35. FirstEnergy has intentionally, willfully, and regularly engaged in a company-wide policy, pattern, or practice of violating the FLSA, and applicable FirstEnergy is aware or should have been aware that federal law required them to pay their employees performing non-exempt duties for all hours worked, including paying them an overtime premium for all hours worked in excess of 40 hours per workweek.

36. FirstEnergy's unlawful conduct has been widespread, repeated, and consistent.

## FIRST CAUSE OF ACTION
### Violation of the FLSA
### Failure to Pay Wages and Overtime Wages
### (By Plaintiff on Behalf of FLSA Collective)

37. Plaintiff realleges and incorporates by reference all preceding paragraphs and allegations.

38. FirstEnergy has intentionally, willfully, and regularly engaged in a company-wide policy, pattern, or practice of violating the FLSA, and applicable Plaintiff realleges and incorporates by reference the allegations in all preceding paragraphs.

39. FirstEnergy has engaged in a widespread policy, pattern or practice of violating the FLSA in regard to Plaintiff and the Collective, as detailed in this Complaint.

40. At all relevant times, Plaintiff and Collective Action Members were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

41. The wage and overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to FirstEnergy.

42. FirstEnergy is an employer of Plaintiff and the Collective Action Members and is engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

43. At all relevant times, Plaintiff and the Collective Action Members were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

44. FirstEnergy has failed to pay Plaintiff and the Collective Action Members all straight time compensation and overtime compensation to which they are/were entitled under the FLSA.

45. FirstEnergy has failed to keep accurate records of time worked by the Plaintiff and the Collective Action Members.

46. FirstEnergy's violations of the FLSA, as described in this Collective Action Complaint, have been, and continue to be, willful and intentional.

47. FirstEnergy is aware of its obligations under the FLSA but did not make a good faith effort to comply with the FLSA with respect to its time keeping and compensation of Plaintiff and the Collective Action Members.

48. Because FirstEnergy's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255, as it may be further extended or tolled by agreement, equity, or operation of law.

49. As a result of FirstEnergy's willful violations of the FLSA, Plaintiff and the Collective Action Members have suffered damages by being denied wages and overtime wages in accordance with the FLSA in amounts to be determined at trial and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorney's fees, costs, and expenses pursuant to 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated members of the Collective, prays for the following relief:

      A.    At the earliest possible time, Plaintiff should be allowed to give notice of this collective action, or the Court should issue such notice, to all Collective Action Members who are/were employed by Defendant during the applicable statute of limitations. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages and overtime wages;

      B.    Unpaid wages, overtime wages, liquidated damages, statutory and other penalties in the maximum amount allowed by 29 U.S.C. §§ 201 *et seq.*, the supporting United States Department of Labor regulations, as well as Defendant's share of FICA, FUTA, state unemployment insurance and any other required employment taxes;

      C.    An injunction enjoining Defendant from violating the foregoing laws and regulations in the future;

      D.    Pre and post-judgment interest;

      E.    A reasonable incentive award for the Plaintiff to compensate her for the time and effort she has spent protecting the interests of other CSRs, and the risks she has undertaken;

      F.    An award of damages, appropriate statutory penalties and damages, and restitution to be paid by Defendant according to proof;

      G.    Attorneys' fees and costs of the action, including expert fees; and

      H.    Injunctive, equitable, or other relief as this Court deems just and proper.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff demands a trial by jury on all questions of fact raised by this Collective Action Complaint.

Respectfully submitted,

s/ Drew Legando
Drew Legando (0084209)
Edward S. Jerse (0013155)
MERRIMAN LEGANDO WILLIAMS & KLANG, LLC
1360 West 9th Street, Suite 200
Cleveland, Ohio 44113
T. (216) 522-9000
F. (216) 522-9007
E. drew@merrimanlegal.com
  edjerse@merrimanlegal.com

*Trial Counsel for Plaintiff*

SHAVITZ LAW GROUP, P.A.
951 Yamato Road, Suite 285
Boca Raton, Florida 33421

*Co-Counsel for Plaintiff – Attorney Appearances and Motions for Admission Pro Hac Vice Forthcoming*